**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-01021-CMA-KLM

TODD STOCKTON, and
JOLYNN STOCKTON, a married couple,

      Plaintiffs,

v.

LELAND NATIONAL GOLD EXCHANGE, INC., a Nevada corporation,
STEPHEN M. THOMPSON, an individual,
DOUG MEARS, an individual, and
SONNY DEANGELIS, an individual,

      Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION TO SET ASIDE DEFAULT AND
MOTION FOR EMERGENCY STAY OF EXECUTION OF JUDGMENT**

---

This matter is before the Court on the Motion to Set Aside Default and Default

Judgment (Doc. # 25) and the Motion for Emergency Stay of Execution of Judgment

Pursuant to Fed. R. Civ. P. 62(b) (Doc. # 27), filed by Defendants Leland National Gold

Exchange, Inc., ("Leland") Stephen M. Thompson ("Thompson") and Doug Mears

("Mears") (collectively "Defendants").  For the following reasons, the Court denies their

motions.

## I.  BACKGROUND

Plaintiffs are investors.  According to Plaintiffs' verified complaint, Defendants are

licensed securities dealers.  On May 5, 2010, Plaintiffs filed their complaint in this Court

asserting thirteen claims against Defendants including securities fraud and related

claims.

On June 4, according to Plaintiffs' counsel's affidavit, Plaintiffs' counsel was contacted by a Mr. David Kagel, Esq., by telephone.  Mr. Kagel informed Plaintiffs' counsel that Mr. Kagel was in receipt of a copy of the summons and verified complaint in this case and that Mr. Kagel would be representing Defendants.[1]  Mr. Kagel, however, did not enter an appearance in this case.

On June 15, Plaintiffs filed Returns of Service with the Court showing that Defendants had been served on May 24, 2010.[2]

On June 30, Plaintiffs filed a Motion for Entry of Default and Default Judgment against Defendants.[3]  In it, they further assert that Defendants were served with copies of the summons and complaint on May 24.  The motion also references the alleged conversation between Plaintiffs' counsel and Mr. Kagel.

On July 2, Plaintiffs filed a supplement to their motion to further support their claim that Defendants were properly served.[4]  In connection therewith, they filed two affidavits by the process server, Ms. Lori Johnson.  In these "affidavits of reasonable diligence," Ms. Johnson avers that Defendants Mears and Thompson were dodging service and that she left process for them with a receptionist at the principal office of Leland National Gold Exchange, Inc.

---

[1] (Doc. # 10-6.)

[2] (Doc. ## 4-6.)

[3] (Doc. # 9.)

[4] (Doc. # 10.)

On July 7, the Court entered default against Defendants.  It found that returns of service had been filed showing service upon Defendants on May 24, 2010, and that Defendants had failed to file a pleading or otherwise defend Plaintiffs' suit.[5]

On September 2, the Court held a hearing on Plaintiffs' motion for default judgment, at which Plaintiffs submitted evidence in support of their requested damages.[6]  Two weeks later, on September 16, the Court entered an Order granting Plaintiffs' motion for default judgment.[7]  The next day, September 17, the Court entered judgment against Defendants based on their default.[8]

On September 30, Defendants moved to set aside the judgment.[9]  The Court struck that filing for violating its page limitations.  Defendants duly re-filed their motion, in condensed form, on October 8.  Finally, on November 4, Defendants filed a Motion for Emergency Stay of Execution of Judgment Pursuant to Fed. R. Civ. P. 62(b).

## II.  DISCUSSION

The Court first considers Defendants' "Motion to Set Aside Default and Default Judgment," filed pursuant to Fed. R. Civ. P. 55(c) and 60(b).

---

[5] (Doc. # 13.)

[6] (Doc. # 16.)

[7] (Doc. # 18.)

[8] (Doc. # 20.)

[9] (Doc. # 25.)

**A.      Rules 55(c) and 60(b)**

Rule 55(c) allows a court to set aside an entry of default for good cause. Fed. R.

Civ. P. 55(c). However, if judgment has already entered, as here, then Rule 55(c) has

no application. Rule 60(b) applies.

Under Rule 60(b), a court, on motion and just terms, may relieve a party from

a final judgment for the following reasons:

> (1)  mistake, inadvertence, surprise, or excusable neglect;
> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4)  the judgment is void;
> (5)  the judgment has been satisfied, released or discharged; . . . or
> (6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Additionally, "[i]n the case of default judgments, courts have

established the further requirement that a movant demonstrate the existence of a

meritorious defense." *Olson v. Stone (In re Stone)*, 588 F.2d 1316, 1319 (10th Cir.

1978); *see also Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715

F.2d 1442, 1444-45 (10th Cir. 1983) (discussing rationale for these requirements).

Thus, under Rule 60(b), a movant must establish both a justification for relief and

a meritorious defense.

Here, because the Court finds Defendants have no justification for relief, it need

not consider whether they have a meritorious defense.

**B.      Whether the Court Should Set Aside the Default Judgment**

Defendants do not specifically cite one of the subsections of Rule 60(b) as

grounds for their motion.  Based on the nature of their argument, though, the Court

concludes they are moving to set aside the judgment as void under Rule 60(b)(4).  They

argue they were not properly served; therefore, the Court lacks personal jurisdiction

over them, thus rendering void the judgment against them.  *See Hukill v. Oklahoma*

*Native American Domestic Violence Coalition*, 542 F.3d 794, 797 (10th Cir. 2008)

("'[A] default judgment in a civil case is void if there is no personal jurisdiction over the

defendant.'") (quoting *United States v. Bigford*, 365 F.3d 859, 865 (10th Cir. 2004)).

1.      Legal Standard – Service of Process

Federal Rule of Civil Procedure 4 governs service of process.  Among other

options, Rule 4 permits service of a summons and complaint upon individuals and

corporations by "following state law for serving a summons in an action brought in

courts of general jurisdiction in the state where the district court is located . . . ."  Fed. R.

Civ. P. 4(e)(1) and 4(h)(1)(A).  That state is Colorado.  Thus, Plaintiffs had the option of

effecting service as provided under Colorado law–which they claim to have done.

Under Colorado law, personal service of process upon natural persons such as

Mears and Thompson can be accomplished by, *inter alia*, leaving a copy at the person's

usual workplace with the person's secretary.  Colo. R. Civ. P. 4(e)(1).  Personal service

of process upon a corporation such as Leland can be accomplished by, *inter alia*,

leaving a copy with the corporation's registered agent for service, or with the registered

agent's secretary.  *Id.* at 4(e)(4); *Goodman Associates, LLC v. WP Mountain Properties,*

*LLC*, 222 P.3d 310, 316 (Colo. 2010) ("a registered agent may be served in the same

manner as a 'natural person' under C.R.C.P. 4. . . . [thus] C.R.C.P. 4(e)(1) permits

service upon a registered agent, as a natural person, "at the person's usual workplace,

with the person's secretary, administrative assistant, bookkeeper, or managing agent.").

Because Plaintiffs chose to serve Defendants pursuant to Colorado law, as

allowed under Fed. R. Civ. P. 4(e)(1) and 4(h)(1)(A), Colorado law governs our inquiry

into whether Defendants were properly served.  *See Hukill v. Oklahoma Native*

*American Domestic Violence Coalition*, 542 F.3d 794, 795-797 (10th Cir. 2008).  Under

Colorado law, Defendants bear the burden of proving they were not served with

process*.  Borer v. Lewis*, 91 P.3d 375, 381-82 (Colo. 2004).  To satisfy this burden,

Defendants must establish by clear and convincing evidence that they were not served

with process.  *Id.* at 382 (finding defendant had established, by clear and convincing

evidence, that she had not been served with copies of the complaint and summons);

*see also, e.g., O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir.

1993) ("[a] signed return of service constitutes *prima facie* evidence of valid service

'which can be overcome only by strong and convincing evidence.'") (quoting *Hicklin v.*

*Edwards*, 226 F.2d 410, 414 (8th Cir. 1955)).

      2.      <u>Whether Defendants Were Served with Process</u>

As to Mears and Thompson, in separate affidavits they state they were "never

served personally with the identified Summons and Complaint at the address identified

in [Plaintiffs'] affidavit, either through personal service or substitute service through a

receptionist."[10]  The address identified as the place of service is "2615 S. Robertson

Blvd, suite 200, Beverly Hills, CA 90211."[11]  Ms. Lori Johnson, the process server,

states in an affidavit that she visited that address three times to serve Mears and

Thompson.  Each time, she avers, their staff shielded them from service.[12]  She decided

to serve them by leaving the papers with the "[r]eceptionist at Leland National Gold

Exchange."[13]  Mears and Thompson point out, however, that Leland has no office at

2615 S. Robertson Blvd.  It has an office at 261 S. Robertson Blvd.  Mr. Thompson, the

CEO of Leland, works there.  Mr. Mears, however, the President of Leland, does not

work there; he works at 11812 San Vicente Blvd., Suite 125, Brentwood, CA.[14]  They

also aver that, even if service were attempted at 261 S. Robertson Blvd, no one there

has the title "receptionist" and, moreover, the desk at the front of the office is

unmanned.[15]  Both Mears and Thompson, however, concede they had notice of the suit,

each stating in his affidavit that:

> I have come to learn that [Plaintiffs] filed a Complaint against me
> in the United States District Court, District of Colorado and also filed a
> Motion for Entry of Default and Default Judgment (the "Motion").  I have
> also learned that the Clerk of the Court entered default in this action.[16]

---

[10] (Doc. # 25-2, 25-3, ¶ 5.)

[11] (Doc. ## 5, 6.)

[12] (Doc. ## 10-3 and 10-4.)

[13] (Doc. ## 5, 6.)

[14] (Doc. # 25-2, ¶¶ 6, 14.)

[15] (Doc. ## 25-2, 25-3, ¶¶ 7-11.)

[16] (Doc. ## 25-2, 25-3, ¶¶ 2.)

Mears and Thompson signed these affidavits on August 20 and August 24, respectively – more than three weeks before the Court entered judgment against them on September 17, 2010.

As to Leland, the return of service indicates Leland was served on May 24, 2010, at 1801 Century Park E. Suite 2500 Los Angeles, CA 90067.  This is the address listed in California's Secretary of State's database for Leland's registered agent, Mr. David Kagel.[17]  Ms. Johnson, the process server, listed her method of service for Leland as: "Substitute service, Kristina Kapciuk Manager accepted service."[18]  In an affidavit, Mr. Kagel acknowledges that he is Leland's registered agent in the state of California and that he works at that address; he disputes, however, that he was served there.  He further avers that Ms. Kapciuk had no authority to accept service on behalf of Leland.[19]  His affidavit was signed on September 1, 2010.

The evidence, although inconclusive, does suggest that Defendants were not served in accordance with the exact wording of Colo. R. Civ. P. 4.  As to Mears and Thompson, it is possible that Ms. Johnson, the process server, delivered the summons and complaint to an incorrect address, *i.e.*, not their "usual workplace."  It is also possible she did go to their "usual workplace" but left the papers with an unauthorized person, i.e., not their "secretary, administrative assistant, bookkeeper, or managing agent."  *See* Colo. R. Civ. P. 4(e)(1).  As to Leland, it appears Ms. Johnson did visit the

---

[17] (Doc. # 26-1.)

[18] (Doc. # 4.)

[19] (Doc. # 25-1, ¶¶ 5-9.)

correct address, *i.e.*, the "usual workplace" of Leland's registered agent, Mr. Kagel.

However, it is possible she left the summons and complaint with an unauthorized

person – a Ms. Kristina Kapciuk.  According to Mr. Kagel's affidavit, Ms. Kapciuk is an

employee of Barrister Executive Suites, Inc., the company which operates the suite in

which he works.  He swears in his affidavit that she has no authority to accept service

on behalf of Leland.  He does not address, however, whether she has authority to

accept service on his behalf, which under Colorado law, is sufficient to effect service on

the corporation for which he is the registered agent.  *Goodman Associates, LLC v. WP*

*Mountain Properties, LLC*, 222 P.3d 310, 316 (Colo. 2010) ("C.R.C.P. 4(e)(1) permits

service upon a registered agent, as a natural person, "at the person's usual workplace,

with the person's secretary, administrative assistant, bookkeeper, or managing agent.").

This omission renders Leland's presentation of evidence less than "clear and

convincing" on the question whether it was effectively served.

In any event, the evidence, in connection with Defendants' burden of proof, also

suggests that Defendants were served with copies of the complaint and summons,

although, as mentioned, perhaps not in accordance with the black letter of Colo. R. Civ.

P. 4.  First, Kagel, Mears, and Thompson do not assert in their affidavits that they did

not receive copies of the complaint and summons; they assert instead that they did not

receive copies "at the address identified in [Plaintiffs'] affidavit."[20]  It is possible, then,

that they received copies of the complaint summons at some other address.  Indeed,

evidence suggests they did receive copies of the complaint and summons.  It is

---

[20] (Doc. ## 25-1, 25-2, 25-3, ¶ 5.)

undisputed, for example, that Mears and Thompson, along with Kagel, received notice of this lawsuit before judgment was entered. In their affidavits they vaguely state that they have "come to learn" of the complaint, the motion for default judgment, and the entry of default. They do not state how or when they came to learn of these facts. The affidavits were signed, however, *before* the Court held a hearing on Plaintiffs' motion for default judgment and *before* the Court entered judgment. Finally, Plaintiffs' counsel avers in an affidavit that he spoke with attorney Kagel, the registered agent for Leland, by telephone in June 2010, three months before judgment was entered. At that time, Kagel acknowledged receipt of the summons and complaint and indicated that he would be representing all three defendants.

Based on this evidence, the Court first concludes that Defendants have not met their burden to show by clear and convincing evidence that they were not served process. In the absence of this showing, the Court also concludes they were served with copies of the complaint and summons and, as such, they had adequate notice of the proceedings against them. Despite this notice, they did nothing. They did not, for example, file a motion to dismiss for lack of personal jurisdiction nor a motion to quash the service of process. Their inaction implicates the rationale behind default judgments. As stated by Tenth Circuit,

> a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard.

10

*Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45

(10th Cir. 1983) (internal citation omitted).  Given its conclusion that Defendants were

served with process, the Court further finds it has personal jurisdiction over them and

that the judgment it entered against them is not void.

Given this ruling, the Court will deny as moot Defendants' Motion for Emergency

Stay of Execution of Judgment Pursuant to Fed. R. Civ. P. 62(b) (Doc. # 27).

## III.  CONCLUSION

Accordingly, the Court DENIES both Defendants' Motion to Set Aside Default

and Default Judgment (Doc. # 25) and Motion for Emergency Stay of Execution of

Judgment Pursuant to Fed. R. Civ. P. 62(b) (Doc. 27).

DATED:  December __06__, 2010

BY THE COURT:

_____

CHRISTINE M. ARGUELLO
United States District Judge

11